UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff.

  v.

                                    Case No. 18-cr-138-pp

DESHON A. SMITH,

    Defendant.

---

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 61)**

---

On May 15, 2020, the court received the defendant's first motion for compassionate release. Dkt. No. 49. The court obtained input from the government and probation. On June 15, 2020, the court denied the defendant's motion. Dkt. No. 55. It concluded that he had not exhausted his remedies by first asking the warden of his facility for release. Id. at 4-5. The court also found no proof in the court record that the defendant ever had told anyone he suffered from asthma (which the compassionate release motion claimed he had). Id. at 6-7. The court noted that the defendant had been infected with COVID-19 but had not become ill. Id. at 7. It noted that there were fewer confirmed cases at the defendant's facility than at others. Id. Finally, the court found that the §3553(a) factors all weighed against the defendant's already severely-reduced sentence. Id. at 8.

The defendant appealed the court's ruling, dkt. no. 56, but on August 27, 2020, the Seventh Circuit dismissed the appeal as untimely, dkt. no. 60.

Now the defendant has filed a second motion for compassionate release. Dkt. No. 61. In this one, he states that on May 20, 2020, he filed a request for

compassionate release with the warden of his institution, and that the warden denied that request (although he does not provide the date). Id. at 3. He asserts in this second motion that while he has survived COVID-19 once, he is "more likely than not to not survive a second attack since his immune system is damaged and the current novel ramifications are unfounded." Id. at 4. He says that he is "asthmatic and obese." Id. He also claims to have bronchitis and head injuries (which he says are documented). Id. at 5. He claims that the medical records that verify these conditions are in "the district court file." Id. As for his release plan, he says he has a "verifiable cleaning service job." Id. at 6. He provided no details about where he would live.

The court will deny this second motion. The only thing that appears to have changed since the defendant filed his first motion is that he says he now has exhausted his remedies. He did not file any proof of that—no letter from the warden denying his request for release. But the court will take the defendant's word for it that he asked the warden for release and was denied.

The court already has addressed the defendant's claim that he has asthma. The court has no evidence to support that claim—he did not report having asthma to the pretrial services officer who interviewed him for his bond study in July 2018 or to the presentence writer, and the court has no prison medical records for the defendant. The defendant *did* tell the pretrial services officer that he'd suffered a punctured lung in a car accident earlier that summer. He told the presentence writer that the punctured lung sometimes gave him difficulty breathing and that he had a prescription for an Albuterol inhaler. The court discussed in its prior order the CDC's current guidance on the relationship between asthma and COVID-19.

2

The defendant also told the pretrial services officer that he had bronchitis. The court has no evidence that the defendant has been diagnosed with *chronic* bronchitis.

In this second motion, the defendant alleges that he is obese. The court has no evidence of this—the defendant was not obese at the time of sentencing.

The defendant remains incarcerated at FCI Milan in Michigan. As of the date of this order, the BOP reports no active cases of the virus among inmates and two active cases among staff (with eighty-eight inmates and fifty-five staff recovered and three inmates having died). https://www.bop.gov/coronavirus/ (under "Full breakdown and additional details"). The defendant has a projected release date of January 15, 2024 and will be eligible for pre-release home confinement on July 15, 2023.

Nothing in this second motion demonstrates "extraordinary and compelling reasons" justifying compassionate release.

The court **DENIES** the defendant's second motion for compassionate release. Dkt. No. 61.

Dated in Milwaukee, Wisconsin this 6th day of November, 2020.

          **BY THE COURT:**

          _____
          **HON. PAMELA PEPPER**
          **Chief United States District Judge**