UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                Docket No. 18-cr-138-pp

DESHON A. SMITH

      Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 66)**

On March 19, 2019, the defendant pled guilty to knowingly and intentionally possessing with intent to distribute marijuana and knowingly possessing a firearm in furtherance of a drug trafficking offense. Dkt. No. 29 (plea agreement), Dkt. No. 31 (minutes from change-of-plea hearing). On August 22, 2019, the court sentenced the defendant to a total term of sixty-one months' imprisonment, followed by a total term of five years of supervised release. Dkt. No 40. The defendant began his period of supervised release on February 23, 2024, with an original end date of February 22, 2029. Dkt. No. 66 at 3.

Within two weeks of beginning supervision, the defendant began participating in the Eastern District of Wisconsin's START re-entry program. The docket shows twenty-one (21) minute entries for the defendant's participation in re-entry court proceedings beginning on March 6, 2024 and ending on May 28, 2025. On June 13, 2025, the court received a request from

1

the probation office to reduce the defendant's period of supervision by one year because he had graduated from the START program. Dkt. No. 65 at 1. The court granted that request. Id.

Just over one year later, on June 29, 2026, the defendant—through counsel—filed a motion for early termination of supervised release. Dkt. No. 66. The motion is unopposed; neither the probation officer nor prosecutor object to the defendant's request. Id. at 7.

The motion asserts that aside from a single positive drug test in 2024, the defendant has been completely compliant with his supervision conditions. The motion describes the defendant's participation and active role in the START program, where he provided advice and assistance to other members of the group. It describes the defendant using START programming to access a program called BizStarts Milwaukee which provided him a business mentor and helped him open his own transportation business, Cream City Transportation MKE. Id. at 4-5.

The motion states that the defendant has a stable home life—he lives with his fiancée of three years and is "very active" in his nineteen-year-old daughter's life—and has worked to give back to his community. Id. at 5. The motion specifically describes the defendant's volunteer efforts to pass out turkeys at Thanksgiving and participate in a program called Community Warehouse at Partners in Hope, which gathers individuals recently released from prison to speak together. The motion explains the defendant's desire to assume a mentorship role in this program, "to show individuals that he/she

2

can change his/her life and have a positive, productive, and happy future after prison." Id. at 6.

Under 18 U.S.C. §3583(e)(1), a district court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court finds that early termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1). Here, the court concludes that early termination is warranted. The nature and circumstances of the defendant's offense were serious—on searching the defendant's residence, law enforcement located over 2 kg of marijuana as well as a loaded Glock, model 22, .40 caliber pistol with an extended magazine. But his offense involved only marijuana and there were no allegations of his participation in a larger-scale drug operation. As for the need for the court's sentence to provide adequate deterrence to criminal conduct, the sentence appears to have done so. There is no evidence that the defendant has participated in any criminal activity since being placed on supervised release. All but one of the defendant's prior offenses involved drugs, but his commitment to participation in START re-entry programming and the fact that he had only one positive drug test since 2024 show that he has made progress addressing his drug use. Keeping the defendant on supervision further is unlikely to better protect the public. The defendant has used the vocational training available to him and appears to be well on his way to operating a successful business. He owes no restitution. And given the

3

defendant's excellent performance on supervision, the court does not believe early termination would result in unwarranted sentencing disparities.

The court congratulates the defendant on the many positive steps he has taken to establish himself as a positive influence in the community. The defendant should be very proud of all that he has achieved.

The court **GRANTS** the defendant's motion for early termination of supervised release, effective immediately. Dkt. No. 66.

Dated in Milwaukee, Wisconsin, this 6th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4